In the Matter of the Estate of ROSE ALEX, Deceased.

Surrogate's Court, New York County, June 19, 1933.

*Joseph A. Cox*, for the public administrator.

*Moses Arthur Feuer*, for the respondent.

DELEHANTY, S. The proof presented was designed to establish a gift *causa mortis* by deceased to respondent on January 1, 1933, of certain specified stock certificates. Deceased entered a hospital about January 6, 1933, and died therein on January 9, 1933, following an operation. There is affirmative proof that deceased hoped and expected to recover from the operation concerning which she spoke to respondent. There is no proof of the ailment from which deceased suffered, nor is there any proof that the operation which actually was performed was the operation in apprehension of which deceased is said to have made a gift. While apprehension of the result of an operation is sufficient apprehension of death to support that element of a gift *causa mortis* (*Ridden* v. *Thrall*, 125 N. Y. 572), it does not always follow that death from an operation in itself suffices. (*Butler*

v. *Sherwood,* 114 Misc. 483, at p. 490; *O'Connell* v. *Bank for Savings,* 103 id. 96; compare also *Bainbridge* v. *Hoes,* 163 App. Div. 870.)

Respondent's proof is otherwise lacking in material essentials. There is no sufficient proof of identity of the property alleged to have been given to respondent. There is no proof of his acceptance thereof. For these reasons alone the claim of gift is held to be unsupported. The property is adjudged to be that of the estate.

Proceed accordingly.